817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clifford W. HUTCHINSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-1126.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 6, 1987.
Decided April 20, 1987.
 
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Paul J. Burns, on brief, for appellant.
 George R. Salem, Donald S. Shire, J. Michael O'Neill, Thomas J. Holzman, Sylvia T. Kaser, Office of the United States Department of Labor, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Clifford Hutchinson filed for Black Lung benefits in 1980 pursuant to 30 U.S.C. Sec.901 et sea. The Office of Workers' Compensation Programs initially denied his claim. Then the claim was transferred to an Administrative Law Judge (ALJ) for a hearing. The ALJ found that Hutchinson had worked more than 15 years as a coal miner, but that the medical evidence did not trigger the interim presumption of disability pursuant to 20 C.F.R. 727.203(a)(1-4). None of the x-rays submitted established pneumoconiosis. Nor did the arterial gas studies or ventilatory studies yield qualifying results. The ALJ also stated that even if he invoked the presumption, the evidence as a whole rebutted a finding of disability. None of the doctors diagnosed Hutchinson as suffering from pneumoconiosis. In addition, none of the doctors concluded that Hutchinson was totally disabled. The ALJ denied benefits.
 
 
 2
 The ALJ denied Hutchinson's motion for reconsideration. Hutchinson appealed to the Benefits Review Board (BRB), which upheld the denial of benefits. Hutchinson filed a motion for reconsideration, which the BRB also denied. Hutchinson petitioned this Court for review.
 
 
 3
 This Court should uphold an ALJ's determination of an entitlement to benefits if supported by substantial evidence. Amigo Smokeless Coal Co. v. Director, OWCP, 642 F.2d 68, 69 (4th Cir. 1981). We find that the ALJ's denial of benefits is supported by substantial evidence. Hutchinson simply failed to submit sufficient medical evidence to support a finding that he suffers from pneumoconiosis or is totally disabled. None of the x-ray interpretations established the existence of pneumoconiosis. Nor did Hutchinson's pulmonary function tests or arterial blood gas studies yield qualifying results. Finally, none of the doctors' reports concluded that Hutchinson suffered from a totally disabling respiratory impairment. Although one doctor reported that Hutchinson does, by history, have disability which limits his activity to the point that only minimal to mild amounts of exercise are tolerable, this statement was based on Hutchinson's own report of his capabilities and was unsupported by the medical evidence.
 
 
 4
 Hutchinson also asserts that the case should be remanded for a further evidentiary hearings since he was not represented by counsel at the hearing before the ALJ. Generally, the lack of counsel is not a sufficient reason to remand a case, unless the claimant shows prejudice or unfairness resulting from the absence of counsel. Hunt v. Califano, 445 F. Supp. 624, 632 (D. Md. 1977); Poe v. Weinberger, 403 F. Supp. 312, 315 (N.D.W.Va. 1975); Padavich v. Mathews, 561 F.2d 142, 147 (8th Cir. 1977). Hutchinson has not alleged any unfairness resulting from his lay representation. All of the evidence presented on Hutchinson's behalf was considered by the ALJ. In addition, Hutchinson's sister stated at the beginning of the hearing that Hutchinson was too proud to ask for an attorney and preferred that his brother-in-law represent him. We find that no prejudice resulted from Hutchinson's lay representation before the ALJ.
 
 
 5
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the denial of benefits.
 
 
 6
 AFFIRMED.