**Mary A. POE, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 74–160–E.**

United States District Court
N. D. West Virginia,
Elkins Division.

Oct. 16, 1975.

Larry V. Starcher, Morgantown, W. Va., for plaintiff.

James F. Companion, U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

This is an action brought to obtain judicial review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim as the widow of a miner for "black lung" benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. Jurisdiction is founded on § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h), by reference.

Plaintiff filed her application for benefits under the Act on June 16, 1971. The claim was denied initially and on reconsideration, and plaintiff submitted a request for a hearing on October 9, 1971. Before a hearing could be sched-

uled, the 1972 amendments to the Act were enacted into law, and the claim was reexamined in accordance with the amendments. The claim was again denied, and a hearing was scheduled and conducted on December 14, 1973, at Clarksburg, West Virginia. Plaintiff was not represented at the hearing, at which she and three other witnesses testified. The administrative law judge issued his hearing decision denying plaintiff's claim on April 1, 1974. This became the Secretary's final decision when the Appeals Council approved the hearing decision on May 16, 1974. Plaintiff then obtained legal counsel, and after an extension of time to commence a civil action was granted, this action was instituted on August 16, 1974. The matter is now before the Court on cross-motions for summary judgment.

The only issue before the Court is whether the Secretary's final decision is supported by substantial evidence.

The facts, as determined from the record, may be briefly summarized as follows: Plaintiff is the widow of Dewey C. Poe, a miner who had worked in underground coal mines for more than 30 years, and who died on October 31, 1966. Plaintiff was living with and dependent upon her husband at the time of his death and has not remarried. The death certificate shows that Mr. Poe died suddenly, due to "natural causes." No autopsy was performed, and there is no medical evidence indicating that the miner had pneumoconiosis at the time of his death, although the testimony of the widow, a son, a nephew and another relative at the hearing indicated that he was short-winded, lacked energy and had chest pains.

As earlier indicated, the findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and it is well settled that the burden of proof rests upon one who files a claim with an administrative agency to establish that the requirements for eligibility have been met. This rule has been invariably ap-

plied to claims under Title II of the Social Security Act, *Ragan v. Finch*, 435 F.2d 239 (6th Cir. 1970), cert. den., 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152 (1971), and is likewise applicable to claims brought under Part B, Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S. C. § 923(b); *Roberts v. Weinberger*, 383 F.Supp. 230 (E.D.Tenn.1974); *Baker v. Weinberger*, 383 F.Supp. 1095 (W.D.Va.1974).

■ In order to qualify for benefits, plaintiff must first establish that she is the widow of a miner, was dependent upon him at the time of his death, has not remarried, and has filed a proper application for benefits. 20 C.F.R. § 410.210. The Secretary acknowledges that plaintiff has satisfied these requirements. However, plaintiff is then required to establish either that the deceased miner was entitled to benefits at the time of his death, or that he died before January 1, 1974, and was totally disabled due to pneumoconiosis at the time of his death, or that his death was due to pneumoconiosis. 30 U.S.C. § 921(a); 20 C.F.R. § 410.210. Since the miner's death antedated the Act, he was not entitled to benefits at the time of his death, and the Secretary's final decision constitutes a finding that plaintiff has failed to establish that her husband was totally disabled due to pneumoconiosis at the time of his death or that his death was due to pneumoconiosis.

Pneumoconiosis is defined in the Act as a chronic dust disease of the lung arising out of employment in a coal mine, 30 U.S.C. § 902(b), and includes the diseases and conditions designated in 20 C.F.R. § 410.110(o). Total disability is defined in § 402(f) of the Act, 30 U.S.C. § 902(f), and in the regulations prescribed by the Secretary. *See* 20 C.F.R. § 410.412 and other regulations referred to therein. The Secretary, pursuant to the mandate of § 411(b) of the Act, 30 U.S.C. § 921(b), has promulgated regulations which, together with the statutory standards and presumptions,

establish the alternative tests for entitlement. 20 C.F.R. § 410.401 *et seq.*

■ The first alternative for determining entitlement is under the interim adjudicatory rules, 20 C.F.R. § 410.490. Under these rules, there is a rebuttable presumption of total disability or death due to pneumoconiosis where (1) an x-ray, biopsy or autopsy establishes the existence of simple pneumoconiosis, or (2) in the case of a coal miner who worked 15 years or more in underground or comparable coal mine employment, ventilatory studies establish the presence of a chronic respiratory or pulmonary disease as demonstrated by values equal to or less than those set forth in the table in the regulation. Here, the only x-ray evidence of record is a report from the Myers Clinic, Philippi, West Virginia, of a chest x-ray taken December 9, 1955, which was negative, and a reference in the report of Dr. Franklin Murphy, a general practitioner in Philippi, indicating a negative chest x-ray in September, 1957. No lung biopsy or autopsy was performed, and the miner never underwent pulmonary function studies. Accordingly, the plaintiff has failed to establish entitlement under the interim adjudicatory rules.

The second alternative test is that set forth in § 411(c)(3) of the Act, 30 U.S. C. § 921(c)(3), which is adopted almost verbatim in 20 C.F.R. §§ 410.418 and 410.58. This is a strict test which requires plaintiff to establish the existence of complicated pneumoconiosis through specified x-ray, biopsy or autopsy reports, and which, if satisfied, creates an irrebuttable presumption of total disability or death due to pneumoconiosis. Here plaintiff has not submitted or alleged the existence of medical evidence which meets the requirements under the alternative.

The next alternative for establishing entitlement relates solely to the issue of death due to pneumoconiosis arising out of coal mine employment. If a miner worked for 10 or more years in the nation's coal mines and died from a respi-

rable disease, there is a rebuttable presumption that his death was due to pneumoconiosis arising out of such employment, 30 U.S.C. § 921(a) and (b); 20 C.F.R. §§ 410.456 and 410.462. Here, the death certificate indicates that the miner died of "natural causes" and notes that he had been in good health, had not seen a doctor for over a year, had chest pains prior to death, and died suddenly. The only other evidence in the record relating to the cause of death is a letter from the Myers Clinic dated June 29, 1971, which reflects that the miner "was DOA (dead on arrival) at Broaddus Hospital on 10/31/66, apparently of a myocardial infarction." It thus appears that the requirements for establishing entitlement under this alternative have not been met.

The final means by which plaintiff may establish entitlement is provided for in 20 C.F.R. §§ 410.414, 410.426 and 410.54. This is a two-step process in which plaintiff must initially establish the presence of pneumoconiosis and must then demonstrate that the disease was of a severity which caused the miner to be totally disabled. 20 C.F.R. § 410.414(c) provides that where the existence of pneumoconiosis is not established under subparagraphs (a) and (b), other relevant evidence, including his spouse's affidavits, other appropriate affidavits of persons with knowledge of the individual's condition, and other supportive materials may be utilized to establish the existence of a totally disabling chronic respiratory or pulmonary impairment presumed to be pneumoconiosis arising out of coal mine employment. Here, however, a review of the record, including not only the very limited medical evidence, but the testimony of plaintiff and her witnesses, convinces the Court that the Secretary's conclusion that plaintiff has failed to establish entitlement under this alternative is amply substantiated.

The Court's sole function in this case, as earlier indicated, is to determine whether the Secretary's final decision is supported by substantial evidence. Substantial evidence has been defined as

". . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Applying this standard, the Court believes, for the reasons stated herein, that the Secretary's decision is supported by substantial evidence, and must not be disturbed.

There are two other matters presented which warrant further discussion.

First, plaintiff alleges, both in her complaint and in her brief in support of her motion for summary judgment, that she was prejudiced by her failure to be represented by an attorney before the administrative law judge. The brief emphasizes plaintiff's inability to afford counsel and her lack of education. Plaintiff was advised in the written notice of hearing of her right to be represented by counsel, and was again so informed, orally, by the administrative law judge at the outset of the hearing. While the absence of counsel places a greater burden on the administrative agency, as well as the Court, to insure the full development of pertinent facts upon which the decision is based, in the absence of a clear showing of prejudice or unfairness which may be attributed to lack of counsel, a remand for reconsideration is not warranted. *Domozik v. Cohen*, 413 F.2d 5, 9 (3d Cir. 1969); *Cross v. Finch*, 427 F.2d 406, 409 (5th Cir. 1970); *Goodman v. Richardson*, 448 F.2d 388, 389 (5th Cir. 1971); cf. *Easley v. Finch*,

**316**

431 F.2d 1351 (4th Cir. 1970). The record in this action, the Court believes, does not reflect that lack of counsel resulted in prejudice or unfairness to plaintiff in the conduct of the hearing.

██ ██ Attached to plaintiff's brief in support of her motion for summary judgment are thirteen affidavits, taken on August 6, 7, and 8, 1974. Seven of the affiants are relatives, three are former co-workers of the miner, one is a neighbor, and two are acquaintances. The affidavits are designated collectively as Exhibit A to plaintiff's brief.

In her brief, plaintiff contends that these affidavits ". . . reinforce plaintiff's previous contention and as such are not new evidence." The fact is, however, that these affidavits were not before the Secretary, and may not be considered by the Court in determining the issue of whether the Secretary's final decision is supported by substantial evidence. 42 U.S.C. § 405(g). This Court is limited to a determination of whether this additional evidence is sufficient to justify remanding the case to the Secretary for reconsideration of the claim. Although the affidavits constitute "other relevant evidence" under the regulations, the Court is of opinion that they are merely cumulative of evidence already in the record, and do not constitute sufficient cause for remand. In order to complete the record for appellate review, however, it is

Ordered that the Brief in Support of Plaintiff's Motion for Summary Judgment, together with the thirteen affidavits attached thereto and designated collectively as Exhibit A be filed and made part of the record. For the reasons stated herein, it is further

Ordered that plaintiff's motion for summary judgment be, and the same is hereby denied; that defendant's motion for summary judgment be, and the same is hereby granted; and that this action be dismissed and retired from the docket.