PEABODY COAL COMPANY and Old Republic Companies, Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 77–1961.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1978.

Decided June 22, 1978 *.

---

* This appeal was originally decided by unreported order on June 22, 1978. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

John L. Kilcullen, Washington, D. C., for petitioner.

Mark E. Solomons, U. S. Dept. of Labor, Washington, D. C., for respondent.

Before TONE and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.**

PER CURIAM.

This is a petition to review an order of the Benefits Review Board directing petitioner Peabody Coal to pay black lung benefits to the claimant, Edward Lesicko, pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 901, *et seq.* Our jurisdiction is founded upon section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c).

Petitioner claims that no substantial evidence supports the decision of the Benefits Review Board, and that the Board violated its own regulations in erroneously approving an award of benefits. As we agree that there is no substantial evidence supporting the Board's decision, we set aside the Board's order and remand the case to the Board for denial of Lesicko's claim.

## I.

The facts adduced at the hearing held on Lesicko's claim establish that he worked as an electrician in various coal mines for over 40 years. When Peabody's mine at Freeburg, Illinois was closed down in December 1972, Lesicko was offered a transfer to another Peabody mine but elected to retire on a pension because "it was getting too hard for me to carry on the work." He testified that his post-employment physical activities were limited because he became easily fatigued and short of breath upon exertion. He also said that he was subject to fits of coughing and spitting up phlegm upon awakening in the morning. The claimant's own testimony was the only evidence offered by him or the Director in support of his claim at the hearing.

On cross-examination, Peabody established that Lesicko smoked a pack of cigarettes a day and had never been treated for any chest or lung condition prior to filing his claim. Peabody also offered medical evidence indicating an absence of pneumoconiosis or any disabling pulmonary impairment. The medical evidence consisted of the reports of Dr. Martin Davis, a physician qualified in internal medicine and pulmonary diseases, who had twice examined Lesicko at the request of the Director of the Office of Workers' Compensation. Dr. Davis's reports showed that Lesicko's pulmo-

** The Hon. William J. Campbell, United States District Court for the Northern District of Illinois, is sitting by designation.

nary functions were within normal limits established by the Secretary's regulations, and that x-rays of his chest were negative. His lung fields were "quite radiolucent" and "essentially clear" except a "moderate" case of pulmonary emphysema. Dr. Davis concluded:

> "Mr. Edward Lesicko shows evidence of moderate pulmonary emphysema. This condition is moderate in degree and, in my opinion, is not disabling. His pulmonary function studies are generally within the range of normal. He is able to do the activities of ordinary daily life without difficulty. He retired in January 1973. There is no evidence that he had to retire because of physical disability . . . There is no evidence of pneumoconiosis. There is no evidence of cancer. In my opinion he is able to work at the present time. I don't believe that he has any permanent disability related to his occupation."

Notwithstanding this medical evidence and opinion, the hearing officer found that Lesicko was "totally disabled" within the meaning of C.F.R. § 410.412(a)(1) on the basis of the claimant's own testimony, his demeanor and appearance, and the evidence of a "moderate" respiratory impairment contained in Dr. Davis's report. Having found the claimant "totally disabled," the hearing officer then invoked the statutory presumption that his disability was due to pneumoconiosis. 30 U.S.C. § 921(c)(4) (Supp. V, 1975). Over a strong dissent that the hearing officer had misapplied the Secretary's regulations setting out the applicable medical criteria governing findings of total disability due to pneumoconiosis, and that Peabody's evidence was, in any event, sufficient to rebut the statutory presumption of pneumoconiosis, the Benefits Review Board affirmed the hearing officer's determination.

## II.

In reviewing an award of benefits by the Board, we are, of course, bound to uphold the Board's determination if it is "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). In applying the "substantial evidence" test, however, we are duty bound to consider the record as a *whole* and to take into account the evidence that "fairly detracts" from the Board's findings. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Having done so, it is apparent to us that the Board's award of benefits must be set aside largely for the reasons noted by Member Hartman in his dissent to the Board majority's decision, which is attached as an appendix to our opinion.

As even the Board's brief in this court concedes, as it must, the evidence supportive of Lesicko's claim "is not strongly persuasive." We would go much further and say that it is completely unconvincing.

It is true, of course, that the mere fact that Lesicko's x-rays were negative and his pulmonary function studies normal does not in itself establish that he was not suffering from pneumoconiosis. Indeed, the purpose underlying the statutory presumption of pneumoconiosis embodied in 30 U.S.C. § 921(c)(4) was to compensate for the fact that it is not always possible to determine whether pneumoconiosis is the principal cause of a disabling pulmonary disease from x-rays and pulmonary function studies alone. However, in order to invoke the statutory presumption, it must be established from *medical* evidence, and not lay testimony alone, that the claimant is suffering from a totally disabling pulmonary disease, which then may be presumed to be pneumoconiosis. 20 C.F.R. § 410.424(a). Moreover, in determining whether a claimant is totally disabled by a respiratory disease, *primary* consideration must be given to the *medical* severity of the disease. 20 C.F.R. § 410.422(c).

In this case, the hearing officer paid lip service to these requirements, but his efforts to marshall "medical" evidence in support of his finding of a total pulmonary disability by picking and choosing bits and pieces from Dr. Davis's report bordered on the ridiculous. There is no doubt in our mind that the hearing officer either simply

misunderstood or deliberately misrepresented the medical evidence, which, when considered as a *whole*, clearly established (1) that the claimant was not suffering from a disabling pulmonary disease, and (2) that the claimant was not suffering from pneumoconiosis.

 We recognize, of course, that hearing officers are not bound by a physician's opinion regarding the degree of disability resulting from a pulmonary disease. They are, however, bound to take a qualified medical opinion into account and cannot, absent countervailing clinical evidence, simply disregard a qualified physician's medical conclusion regarding the severity of a pulmonary disease from which the claimant suffers. We hold, for the reasons noted in Member Hartman's dissent as supplemented herein, that there is no substantial evidence in the record considered as a *whole* supportive of the hearing officer's finding that Lesicko was suffering from a totally disabling pulmonary disease. Accordingly, the hearing officer was not entitled to invoke the statutory presumption of 30 U.S.C. § 921(c)(4). Moreover, we believe that Peabody's medical evidence was sufficient to rebut any presumption that Lesicko was suffering from pneumoconiosis rather than a nondisabling, "moderate" case of emphysema, as Dr. Davis determined.

Accordingly, we set aside the Board's order and remand this case to the Board for purposes of denying Lesicko's current claim, which we find without sufficient support in this record.

SET ASIDE AND REMANDED.

APPENDIX

HARTMAN, member, dissenting:

I respectfully dissent from that part of my colleagues' decision which affirms the hearing officer's award of benefits to the claimant pursuant to Section 411(c)(4) of the Act, 30 U.S.C. § 921(c)(4).

Let me note first that at the formal hearing below, neither the claimant nor the Director, Office of Workers' Compensation Programs, presented any medical evidence in support of this claim. The claimant's subjective testimony was relied upon to demonstrate entitlement to benefits. In addition, the claimant has not participated in this appellate proceeding. It is well settled that a *claimant* bears the burden of establishing that the requirements for eligibility have been met. *Poe v. Weinberger*, 403 F.Supp. 312 (N.D.W.Va.1975). In my opinion, in this case the claimant has not even assumed that burden let alone carried it. I strongly disagree with my colleagues' interpretation of the Act and applicable regulations.

The claimant worked in underground coal mines for over fifteen years and x-ray reports in the record are negative for the existence of any degree of pneumoconiosis. Therefore, the existence of pneumoconiosis and total disability due to pneumoconiosis are determined in accordance with Sections 410.414(b) or (c) of the regulations. 20 C.F.R. §§ 410.414(b), (c). The regulation at 20 C.F.R. § 410.414(b) specifically provides that demonstration of a totally disabling chronic respiratory or pulmonary impairment is to be accomplished in accordance with the regulations at 20 C.F.R. §§ 410.-412, 410.422 and 410.426.

Section 410.412 of the regulations provides a definition relating total disability to inability because of pneumoconiosis to perform "comparable and gainful work". The statutory basis for that regulation is found in Section 402(f) of the Act. 30 U.S.C. § 902(f). Criteria by which total disability is to be determined are set forth at Sections 410.422, 410.424 and 410.426 of the regulations. In determining whether or not a miner is totally disabled by pneumoconiosis or by a respiratory or pulmonary impairment which is presumed to be pneumoconiosis, *primary consideration* is given to the *medical severity* of the disease. 20 C.F.R. § 410.422(c).

The only medical evidence in the record was introduced by the employer. It consists of a deposition of Dr. Martin Davis, and his reports of a pulmonary function study, x-ray interpretations and a thorough physical examination of the claimant. Dr.

Davis examined the claimant on behalf of the Department of Labor on August 30, 1973, performing a pulmonary function study and taking and interpreting an x-ray. On April 18, 1975, Dr. Davis performed a thorough physical examination, including a pulmonary function study and x-ray of the claimant at the request of the employer.

Following these examinations, Dr. Davis prepared a written report which includes his conclusions. He found no evidence of pneumoconiosis. He did find moderate pulmonary emphysema, which he stated is not disabling. He found some evidence of apical pleural thickening bilaterally with some calcification, probably due to an old tuberculosis infection, which he stated is not active at present. He found no evidence of cancer. Results of pulmonary function studies were found to be "generally within the range of normal". X-rays were negative for pneumoconiosis. Dr. Davis expressed the opinion that the claimant does not have any permanent disability related to his occupation.

The hearing officer recognized that negative x-ray results are not necessarily determinative of the question of whether pneumoconiosis exists or is disabling. (No claim for benefits shall be denied *solely* on the basis of the results of a chest x-ray. 30 U.S.C. § 923(b) ). He went on to find that the claimant's long years in the mines and "other evidence" demonstrating an inability to function in other than a sedentary environment, including dyspnea, coughing, weakness, susceptibility to respiratory infections and recent weight loss, warranted the conclusion that the claimant has a totally disabling respiratory or pulmonary impairment within the meaning of Section 411(c)(4) of the Act. The hearing officer also listed "additional objective medical factors" which "corroborate this evidence". Substantial weight was given to the subjective aspects of the claimant's testimony. The hearing officer found that the Section 411(c)(4) presumption "has not been rebutted or controverted" and concluded that the claimant "has pneumoconiosis as defined in the Act and Regulations".

The hearing officer then found the claimant to be totally disabled within the meaning of 20 C.F.R. § 410.412(a)(1), based on "partial corroboration" of the claimant's testimony by information contained in the medical reports, the demeanor and appearance of the claimant and the claimant's credible testimony. He specifically rejected the examining physician's opinion that the claimant is able to work at the present time, finding that opinion to be overbroad on its face.

I am unable to agree that substantial evidence in the record supports the conclusion that this claimant is totally disabled by a chronic respiratory or pulmonary impairment which would entitle him to the rebuttable presumption that he is totally disabled by pneumoconiosis.

There is no evidence in the record that the claimant has one of the impairments listed in the Appendix to Subpart D of the regulations or a medically equivalent impairment. 20 C.F.R. § 410.424. Section 410.422(c) mandates that primary consideration be given to the medical severity of a claimant's pneumoconiosis.

Considering the alternative standard for determining total disability, provided by Section 410.426, the record reveals that the claimant worked at the employer's mine until that mine closed in December 1972. There is no evidence that he did not fully perform all duties assigned to him prior to that time. In fact, he continued to work at that mine, retrieving equipment, for a month after mining operations ceased. Results of ventilatory studies exceed the values specified in the table in Section 410.426(b). Remembering that Dr. Davis examined the claimant on behalf of the Director as well as the employer, his opinion is of no benefit to the claimant within the requirement of Section 410.426(c).

Sections 410.426(d) and 410.414(c) combine to provide a determination of total disability based on an "other relevant evidence" test. "Other relevant evidence" includes a number of factors listed in Section 410.414(c), and "other supportive materials". The record supports none of the listed

factors. The claimant's own testimony, found by the hearing officer to be credible and certainly not questioned here, is the only other "supportive material" available. I cannot conclude in this case that the claimant's subjective testimony is substantial evidence which establishes that the claimant has a chronic respiratory or pulmonary impairment, the severity of which prevents him from doing his previous coal mine work or other comparable and gainful work.

Moreover, even if there were substantial evidence in the record to support the conclusion that this claimant has a totally disabling respiratory or pulmonary impairment so that he would be entitled to benefit from the rebuttable presumption that he is totally disabled by pneumoconiosis, the record reflects that the employer has overcome the presumption by medical evidence. 30 U.S.C. § 921(c)(4). The only medical evidence in the record, introduced by the employer, clearly states that the claimant does not have pneumoconiosis. That medical opinion was based on the results of a thorough physical examination and not solely on the basis of x-rays, which were interpreted as showing only moderate emphysema, or on the basis of negative pulmonary function test results. I believe that Dr. Davis' testimony, introduced by the employer, is clearly sufficient to rebut the presumption that this claimant is totally disabled due to pneumoconiosis. *See Ansel v. Weinberger*, 529 F.2d 304, 310 (6th Cir. 1976).

For these reasons, I conclude that the Decision and Order of the hearing officer is not supported by substantial evidence and is not in accordance with what I believe to be the correct interpretation of the Act and applicable regulations. Therefore, I would reverse.