**Joseph R. PLUTT, Petitioner,**

v.

**BENEFITS REVIEW BOARD, DEPARTMENT OF LABOR, Respondent.**

No. 85–2700.

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1986.

As Amended Jan. 6, 1987.

Joseph R. Plutt, pro se.

George R. Salem, Deputy Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, and Roscoe C. Bryant, III, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before BARRETT and BALDOCK, Circuit Judges, and CONWAY, District Judge.[*]

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

Joseph Plutt (claimant) petitions for review of a decision by the Department of Labor Benefits Review Board denying his claim for black lung benefits. The Board affirmed a determination by the administrative law judge denying benefits because claimant did not meet the criteria for establishing the interim presumption for pneumoconiosis (black lung) under 20 C.F.R. § 727.203(a).

Under the regulations governing the granting of black lung benefits, a former miner may establish a rebuttable presumption of pneumoconiosis in any one of four ways. The first three ways require meeting specific criteria on objective medical tests, including X rays, ventilatory studies, and blood gas studies. *Id.* at § 727.-203(a)(1) through (3). The fourth way permits a miner to show that "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment." *Id.* at § 727.203(a)(4).

At the hearing before the administrative law judge, claimant relied primarily on "other medical evidence" to attempt to invoke the rebuttable presumption of totally disabling pneumoconiosis. The ALJ nevertheless considered the evidence under each method and rejected the claim for benefits in each case.

"In reviewing the findings of the trier of fact, the court cannot reweigh the evidence, but may only inquire into the existence of evidence to support the trier of fact." *Kaiser Steel Corp. v. Director, Office of Workers' Compensation Programs,* 748 F.2d 1426, 1430 (10th Cir.1984). Upon review of the record, we agree that claimant failed to produce sufficient evidence to invoke the presumption of pneumoconiosis under any of the four methods.

Under 20 C.F.R. § 727.203(a)(1), a miner may invoke the interim presumption of pneumoconiosis if "[a] chest roentgenogram (X-ray) [sic] ... establishes the existence of pneumoconiosis." The valid X-ray evidence in this case consisted of one X-ray reading which contained two positive findings for pneumoconiosis and a second reading which found claimant negative for all signs of pneumoconiosis. The latter reading was done by E.N. Sargent, whom the parties stipulated was a "B reader." The trier of fact was not clearly erroneous in finding that the X-ray evidence was not sufficient to invoke the presumption under § 727.203(a)(1).

---

[*] The Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

Neither do claimant's ventilatory studies "establish the presence of a chronic respiratory or pulmonary disease" under 20 C.F.R. § 727.203(a)(2). Two ventilatory studies in the record meet the quality standards for valid tests. *See* 20 C.F.R. § 410.430. Of these, neither meets the requirements for the interim presumption under § 727.203(a)(2).

Finally, the values obtained in claimant's blood gas studies are within the normal range. 20 C.F.R. § 727.203(a)(3). We note that there is apparently a misprint in the regulation at § 727.203(a)(3). A comparison of the table provided in this section with an otherwise almost identical table at 20 C.F.R. § 718, Appendix (C)(1) indicates that the headings of the two columns in the table at § 727.203(a)(3) are merely transposed. *Kertesz v. Crescent Hills Coal Co.,* 788 F.2d 158, 161 n. 4 (3d Cir.1986). With this correction in mind, this court concludes that the trier of fact correctly found that claimant could not invoke the presumption under § 727.203(a)(3).

■ If a claimant establishes the presumption under one of the listed methods, the Director may not rebut the presumption merely by pointing to a claimant's failure to meet the criteria under the other three methods. *See Wilson v. Benefits Review Board,* 748 F.2d 198 (4th Cir.1984). Thus, the claimant's failure to meet the criteria under the first three methods of invoking the presumption would not bar his invoking of the presumption under the fourth method. Claimant relied on his own testimony together with the report of Dr. Joel Bechtel to invoke the presumption under the fourth method. The administrative law judge, however, correctly found that claimant had not produced sufficient evidence to invoke the presumption under the fourth method.

■ Dr. Bechtel's report does not support total disability due to pneumoconiosis. Dr. Bechtel's diagnosis was mild chronic bronchitis. He found claimant's disability to be mild based on the objective medical tests.

■ Claimant seeks to combine his testimony of total disability with the physician's finding of pneumoconiosis to equal totally disabling pneumoconiosis. This evidence is not sufficient to invoke the presumption. The regulation specifies that the medical evidence must establish the claimant's total disability. Lay testimony alone cannot establish total disability. *Cf. Peabody Coal Co. v. Director, Office of Workers' Compensation Programs,* 581 F.2d 121 (7th Cir.1978) (lay testimony alone will not set a date of disability).

■ We note that on appeal, claimant attempted to present additional evidence in the form of an updated report by Dr. Joel Bechtel. Evidence not presented originally to the Benefits Review Board cannot be considered on appeal.

The judgment of the Benefits Review Board is AFFIRMED. *See* 10th Cir.R. 17(b).

The mandate shall issue forthwith.