829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas E. CALL, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Respondent.
 No. 86-3117.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 29, 1987.
Decided Sept. 15, 1987.
 
 Thomas E. Call, pro se.
 Nicholas J. Levintow, Thomas L. Holzman, Office of the United States Department of Labor, for Respondent.
 Before DONALD RUSSELL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Edward Call filed a claim for compensation for permanent total disability, due to black lung disease, under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. Following a hearing, an administrative law judge (ALJ) denied benefits, finding that Call had properly invoked the interim presumption of pneumoconiosis set forth at 20 C.F.R. Sec. 727.203(a)(2) but that the presumption was rebutted under 20 C.F.R. Secs. 727.203(b)(2), (b)(3), and (b)(4). The Benefits Review Board affirmed, holding that the decision that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2) was supported by substantial evidence. Call appeals, arguing that the evidence does not support a denial of benefits. We affirm.
 
 
 2
 Call worked approximately 20 years as a miner. In 1962 he left this employment to work in a grocery store and as a truck mechanic. The interim presumption of pneumoconiosis was invoked pursuant to 20 C.F.R. Sec. 727.203(a)(2) because Call had at least ten years of coal mine employment and his most recent ventilatory study qualified under the applicable regulations. See Rennie v. U.S. Steel Corp., 1 BLR 1-859 (1978).
 
 
 3
 The relevant medical facts of record are as follows: Call has taken seven ventilatory function tests, six of which did not qualify under the applicable regulations. Of four arterial blood gas tests in the record, none produced qualifying values under 20 C.F.R. Sec. 727.203(a)(3). All x-rays in evidence were negative for pneumoconiosis.
 
 
 4
 There are five medical opinions in evidence. Examinations in October, 1972; March, 1973; and July, 1973 revealed no pneumoconiosis. In April, 1980, Call was examined. The physician reached a diagnosis of arteriosclerotic heart disease with angina pectoris, chronic pulmonary disease with fibrosis, early pneumoconiosis, and early emphysema. However, objective evidence (x-rays, ventilatory studies and blood gas studies) did not support the finding of black lung disease. In April, 1982, the examining physician concluded that Call's respiratory impairment, reflected in a qualifying ventilatory study, was due to coal dust exposure and precluded coal mine employment on a regular basis. The physician, Dr. Smiddy, noted that blood gases and a chest x-ray were negative for pneumoconiosis, however.
 
 
 5
 On petition for review from a decision of the Benefits Review Board, this Court reviews only for errors of law, including whether the Board properly applied the substantial evidence test of 33 U.S.C. Sec. 921(b)(3) (1982) when it reviewed the ALJ's findings of fact. See Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68, 69 (4th Cir. 1981). To determine whether the Board has properly adhered to its scope of review, this Court must make an independent review of the record and decide whether the ALJ's findings are supported by substantial evidence. Sun Shipbuilding & Dry Dock Co. v. McCabe, 593 F.2d 234, 237 (3d Cir. 1979); cited in Amigo, 642 F.2d at 69; cf. Crum v. General Adjustment Bureau, 738 F.2d 474, 477 (D.C. Cir. 1984).
 
 
 6
 The ALJ found that the presumption of pneumoconiosis was rebutted under 20 C.F.R. Sec. 727.203(b)(2). He decided that, weighed against the other medical evidence, the sole qualifying ventilatory study and the two most recent medical opinions, largely unsupported by objective test results, did not support a finding of pneumoconiosis. Considering "all relevant medical evidence" with respect to the rebuttal of a presumption, see Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir. 1986) (en banc), cert. granted, --U.S. ----, 55 U.S.L.W. 3463 (Jan. 12, 1987), we find that there is substantial evidence to support a finding that the presumption has been rebutted.
 
 
 7
 Because our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument.*
 
 
 8
 AFFIRMED.
 
 
 
 *
 Call attempts to submit the medical report of Dr. Elliott. However, the record reflects that Call did not argue at his hearing or before the Board that the report was missing. The report thus may not be considered for the first time by a federal court of appeals. See Plutt v. Benefits Review Board, 804 F.2d 597, 599 (10th Cir. 1986)