948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie E. STONE, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-1928.
 United States Court of Appeals, Tenth Circuit.
 Nov. 20, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The petition is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Willie E. Stone has filed a Petition for Review of an Order of the Benefits Review Board (BRB) of the United States Department of Labor (DOL) which reversed a decision of the administrative law judge (ALJ) to award benefits to Mr. Stone pursuant to 30 U.S.C. §§ 901-945, the Black Lung Benefits Act. In his Petition, Mr. Stone argues that the ALJ's decision was supported by substantial evidence and, therefore, the BRB erred in reversing that determination. We affirm.
 
 
 3
 The BRB may not uphold an ALJ's findings of fact and conclusions of law unless they are "supported by substantial evidence in the record considered as a whole [and are] in accordance with law." 20 C.F.R. § 802.301(a). In reviewing a decision of the BRB which reverses the holding of the ALJ, we must determine if the board correctly found that the ALJ's decision was not supported by substantial evidence in the record and was not in accord with the statutory and regulatory law. See Davis v. Director, O.W.C.P., 936 F.2d 1111, 1114 (10th Cir.1991); Mitchelson v. Director, O.W.C.P., 880 F.2d 265, 267 (10th Cir.1989). "Our review ... must be made in light of the premise that ' "[t]he Act is intended to be remedial in nature, and doubts should be resolved in favor of the disabled miner...." ' " Bosco v. Twin Pines Coal Co., 892 F.2d 1473, 1476 (10th Cir.1989) (quoting Mangus v. Director, O.W.C.P., 882 F.2d 1527, 1530 (10th Cir.1989) (which quoted Stomps v. Director, O.W.C.P., 816 F.2d 1533, 1534-35 (11th Cir.1987))) (alteration in Bosco ).
 
 
 4
 Mr. Stone filed his application for benefits October 17, 1975. Therefore, he falls under the interim regulations. See Mullins Coal Co. v. Director, O.W.C.P., 484 U.S. 135, 137 (1987). Under these regulations
 
 
 5
 [d]isability benefits are payable to a miner if (a) he or she is totally disabled, (b) the disability was caused, at least in part, by pneumoconiosis, and (c) the disability arose out of coal mine employment. All three of these conditions of eligibility are presumed if the claimant was engaged in coal mine employment for at least 10 years and if the claimant meets one of four medical requirements: (1) a chest X ray establishes the presence of pneumoconiosis; (2) ventilatory studies establish the presence of a respiratory or pulmonary disease--not necessarily pneumoconiosis--of a specified severity; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, establishes the presence of a totally disabling respiratory impairment.
 
 
 6
 Id. at 141-42 (citing to 20 C.F.R. § 727.203(a)) (footnotes omitted).
 
 
 7
 The ALJ found Mr. Stone met the presumption for eligibility under the interim regulations. Mr. Stone was a coal miner for nineteen years. While the ALJ found that Mr. Stone's medical evidence did not meet the standards for invocation of the presumption under subsections (a)(1), (2), or (3), he did determine that Mr. Stone met the requirements of subsection (a)(4) in that the two doctors' reports submitted were consistent with one another and reflected a progressive pulmonary impairment. He further found that the Director had failed to rebut the presumption under § 727.203(b). See ALJ's Decision and Order of June 18, 1986.
 
 
 8
 The BRB reversed, holding that neither medical report relied on by the ALJ noted that Mr. Stone was totally disabled nor had either one assessed his residual physical capacity. Therefore, the BRB held that the interim presumption could not be invoked under subsection (a)(4), citing to Plutt v. Benefits Review Board, 804 F.2d 597 (10th Cir.1986).
 
 
 9
 Section 727.203(a)(4) is invoked "when the claimant, by the preponderance of the evidence, demonstrates that medical evidence other than x-rays, blood gas tests, or ventilatory studies, including a documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment." Fife v. Director, O.W.C.P., 888 F.2d 365, 368 (6th Cir.1989); see also Mullins Coal, 484 U.S. at 143 (invocation of the presumption under § 727.203(a)(4) requires proof of total disability). Here, the ALJ relied on two doctors' reports. In a report prepared in 1975, Dr. Reid concluded that:
 
 
 10
 this patient has evidence of moderate obstructive-type pattern with improvement with bronchodilation. The etiology of this is certainly not clear. He does not have classic pneumoconiosis, although the mines can certainly play a role and so could his chronic cigarette smoking in the etiology of his mild impairment.
 
 
 11
 December 10, 1975, Report of Dr. Reid. In a report prepared in 1984, Dr. White noted that:
 
 
 12
 ARTERIAL BLOOD GASES while on room air are not remarkable. SPIROMETRY before and after inhaled bronchodilator is reported as showing a mildly restrictive defect without significant airway obstruction. ... The lungs are clear without radiographic findings of pneumoconiosis. Classification 0/0.
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 FINAL IMPRESSION: 1. Chronic Obstructive Pulmonary Disease with Black Lung strongly suspected. 2. ASHD with silent Myocardial Infarction, suspected. 3. Asthmatic Bronchitis.
 
 
 17
 October 5, 1984, Report of Dr. White.
 
 
 18
 A claimant must provide medical evidence establishing total disability under subsection (a)(4). Plutt, 804 F.2d at 599. In attempting to meet the subsection (a)(4) presumption, Mr. Stone's medical evidence showed only that Dr. White "strongly suspected" the presence of pneumoconiosis and Dr. Reid stated the mines "could play a role" in his symptoms. These opinions do not establish the presence of a totally disabling respiratory or pulmonary impairment regardless of the causative factor. Cf. Mullins Coal, 484 U.S. at 145 n. 18.
 
 
 19
 Mr. Stone argues that his testimony regarding his employment history and physical condition considered with the doctors' reports establishes his total disability. Lay testimony cannot establish total disability absent support from the medical evidence. Plutt, 804 F.2d at 597. Based on our review of the record and the parties' briefs, Mr. Stone has failed to establish total disability such as to invoke the interim presumption.
 
 
 20
 The decision of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3