James COOLEY, Petitioner,

v.

ISLAND CREEK COAL CO.; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 87–3454.

United States Court of Appeals, Sixth Circuit.

Argued March 22, 1988.

Decided April 27, 1988.

John W. Mann (argued), Prestonburg, Ky., for petitioner.

Allen R. Prunty (argued), Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., Diane Hodes, Thomas Holzman, Office of the Solicitor, U.S. Dept. of Labor, Barbara Johnson, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondents.

Before LIVELY and GUY, Circuit Judges, and COHN, District Judge.*

PER CURIAM.

A former coal miner appeals from the Benefit Review Board's decision affirming an administrative law judge's denial of black lung benefits. The ALJ found that the claimant, James Cooley, was entitled to a presumption of disability due to coal workers' pneumoconiosis on the basis of a November 17, 1980, X-ray which had been read as positive by three of six B-readers who interpreted the film. 20 C.F.R. § 727.203(a)(1). The ALJ also found that the claimant had approximately twenty-five years of coal mine employment. Neither the employer nor the Director of the Office of Workers' Compensation Program, United States Department of Labor, disputes these findings. The ALJ went on, however, to hold that the presumption of disability due to pneumoconiosis had been rebutted under 20 C.F.R. § 727.203(b)(2). This conclusion was based primarily on the opinions of two physicians who examined the claimant on January 2, 1979, and November 29, 1979, and who expressed the opinion that Cooley's breathing impairment would not prevent him from performing most forms of manual labor.

■ On appeal the claimant argues that the ALJ erred in finding that he was not entitled to the irrebuttable presumption of disability under 30 U.S.C. § 921(c)(3) and the rebuttable presumption of 30 U.S.C. § 921(c)(4). We affirm the decision of the Benefits Review Board upholding the decision of the ALJ insofar as the petitioner was found not entitled to the benefit of these two presumptions.

■ More serious questions raised by this appeal relate to the reasoning of the ALJ in determining that the presumption of disability due to pneumoconiosis had been rebutted. The claimant contends that the Director produced no probative evidence to rebut the presumption of disability. 20 C.F.R. § 727.203(b) provides four specified methods for rebutting a presumption of total disability due to pneumoconiosis. The ALJ found that the presumption had been rebutted by evidence establishing that the claimant is able to do his usual work or comparable gainful work, the method provided for in § 727.203(b)(2). The ALJ who examined "all relevant evidence" as required by the regulation, placed great reliance on the medical opinions rendered more than a year before the date of the X-ray which had triggered the presumption, in concluding that the Director had proved that "the claimant is not totally disabled due to a respiratory or pulmonary impairment." The claimant argues that it is not rational to conclude that a finding of pneumoconiosis, a progressive disease, which was first established by an X-ray in November 1980 may be rebutted by medical evidence consisting of two one-time examinations conducted a year or more prior to that X-ray. The presumptions contained in the Black Lung Act would be of little value if they could be

---

* The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

rebutted by evidence consisting of medical opinions reached as a result of examinations of a claimant conducted at a time before the claimant had established the conditions required to trigger the presumptions.

 The claimant also points out that the ALJ's treatment of the interim presumption limits the presumption to a finding that the claimant has pneumoconiosis, rather than a finding that the claimant is disabled within the meaning of the Act by reason of pneumoconiosis. The ALJ stated:

> [T]he medical reports in the record, together with the results of the objective studies, are sufficient to prove that the claimant is not totally disabled due to a respiratory or pulmonary impairment.

When the presumption under § 727.203(a)(1) is triggered, it is presumed that the claimant is disabled by reason of pneumoconiosis, not simply that the claimant has pneumoconiosis. In order to rebut this presumption under § 727.203(b)(2) the Director must produce evidence showing that the claimant is able to do his usual coal mine work or comparable and gainful work, and not merely that "the claimant is not totally disabled due to a respiratory or pulmonary impairment." *York v. Benefits Review Board,* 819 F.2d 134, 138 (6th Cir. 1987).

Here the claimant stopped working on November 15, 1980, for the stated reason that he was unable to continue his work at the mines. An X-ray taken two days later was deemed by the ALJ to have invoked a presumption of disability due to pneumoconiosis. As we pointed out in *York* this presumption could only be rebutted under § 727.203(b)(2) by unqualified evidence that at the relevant time the claimant was capable of doing his usual coal mine work or comparable and gainful work. The Benefits Review Board has held that the relevant inquiry is whether a claimant is disabled on the date of the hearing. *Coffey v. Director OWCP,* 5 BLR 1–404 (1982). The date of Cooley's hearing was August 11, 1983. The Director did not produce evidence which addressed the proper inquiry in this case.

The decision and order of the Benefits Review Board is vacated, and the case is remanded for further proceedings consistent with this opinion in which the issue of rebuttal of the presumption will be determined under standards set forth herein.