884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearl BAKER, Petitioner,
v.
BLUE DIAMOND COAL COMPANY and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 88-3986.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Petitioner Pearl Baker seeks review of the Benefits Review Board's affirmance of the ALJ's denial of his claim for medical benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. We conclude that substantial evidence supports the ALJ's denial of benefits, and we therefore affirm.
 
 I.
 
 2
 Petitioner, who was born in 1923, worked for more than 23 years as a coal miner until he left coal mine employment in 1973. In November 1978, petitioner filed the present claim for black lung benefits.[1] Benefits were denied initially, and upon petitioner's request the claim was referred to an administrative law judge (ALJ), who conducted a formal hearing. In January 1987, the ALJ issued a decision denying benefits. The ALJ held that under 20 C.F.R. Sec. 727.203(a)(1) petitioner was entitled to invoke the interim presumption of eligibility based on a single positive x-ray reading. However, the ALJ found that, based on the entire medical record, the interim presumption was rebutted because it was established that petitioner's disability "was not due to pneumoconiosis arising out of his coal mine employment." See C.F.R. Sec. 727.203(b)(3). In August 1988 the Benefits Review Board affirmed the denial of benefits, holding that the ALJ's decision was rational, supported by substantial evidence, and consistent with law. This appeal followed.
 
 II.
 A.
 
 3
 Petitioner first challenges the ALJ's finding that the interim presumption of entitlement to benefits under Sec. 727.203(a) was rebutted. This court reviews an ALJ's findings under a substantial evidence standard. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 486 (6th Cir.1985). Substantial evidence is " 'more than a mere scintilla;' substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Ramey, 755 F.2d at 488 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). When the issue before this court is whether the ALJ reached the correct result after weighing conflicting medical evidence,
 
 
 4
 our scope of review ... is exceedingly narrow. Absent an error of law, findings of facts and conclusions flowing therefrom must be affirmed if supported by substantial evidence. Engle v. Director, Office of Workers' Compensation Programs, 792 F.2d 63 (6th Cir.1986).... [I]t is the ALJ who makes credibility determinations and resolves inconsistencies in the testimony and evidence. Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985).
 
 
 5
 Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988).
 
 
 6
 When a claimant establishes entitlement to invocation of the interim presumption under Sec. 727.203(a), an employer may rebut the interim presumption under Sec. 727.203(b). Section 727.203(b)(3) provides:
 
 
 7
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in [727.203(a) ] shall be rebutted if:
 
 
 8
 .............................................................
 
 
 9
 ...................
 
 
 10
 * * *
 
 
 11
 (3) The evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment[.]
 
 This court has held that
 
 12
 [i]f an employer is able to prove that pneumoconiosis played no part in causing a miner's disability, then the employer has satisfied the requirements of section 727.203(b)(3). Where, however, pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits.
 
 
 13
 Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). In this case, the ALJ concluded that "[t]he weight of the medical evidence indicates that any disability which the Claimant may have is due to heart disease which did not arise in whole or in part out of his coal mine employment."
 
 
 14
 In concluding that petitioner's disability did not arise in whole or in part from coal mine employment, the ALJ relied in part on the report of Dr. Richard O'Neill, who examined petitioner in November 1980. Based on his examination, Dr. O'Neill diagnosed petitioner as suffering from chronic bronchitis, heart disease, hypertension, "history of mild left cerebrovascular accident with good functional recovery," and obesity. Dr. O'Neill concluded that "[petitioner] does not have evidence of coal worker's pneumoconiosis [and] he may continue to work as a coal miner." In deposition Dr. O'Neill testified that any disability petitioner suffers is due to the cerebrovascular accident and heart disease, both of which were unrelated to inhalation of coal mine dust. O'Neill Dep. at 29-30.[2] The ALJ also relied on records of petitioner's hospital visits, including normal blood gas and pulmonary function tests.
 
 
 15
 We conclude that substantial evidence supports the ALJ's determination that, based on the weight of the medical evidence, petitioner's disability did not arise from his coal mine employment and that therefore the interim presumption was rebutted under Sec. 727.203(b)(3).
 
 B.
 
 16
 Petitioner also argues that under the Supreme Court's recent opinion in Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988), and this court's opinion in Kyle v. Director, Office of Workers' Compensation Programs, 819 F.2d 139 (6th Cir.1987), cert. denied, 109 S.Ct. 566 (1988), the ALJ erred by not considering petitioner's claim under 20 C.F.R. Sec. 410.490. These cases hold that miners with less than ten years of coal mine employment, who are therefore not entitled to invocation of the interim presumption under Sec. 727.203(a), may nonetheless attempt to invoke the interim presumption under the old Part B interim presumption provision, Sec. 410.490, which allows invocation of an interim presumption upon proof of pneumoconiosis plus ten years of coal mine employment or proof that pneumoconiosis was caused by coal mine employment. Petitioner contends that although he satisfies the ten-year employment requirement of Sec. 727.203, and, indeed, he was allowed to invoke the interim presumption under Sec. 727.203(a), his claim should be considered under Sec. 410.490, and that therefore the rebuttal provision of Sec. 727.203(b)(3) should not be applied.
 
 
 17
 This court recently decided this precise issue. In Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195 (6th Cir.1989), this court held that Sec. 410.490 does not apply to a Part C claim of a miner who satisfies the ten-year coal mine employment requirement of Sec. 727.203(a):
 
 
 18
 Kyle requires us to adjudicate claims under Part 410 regulations that would otherwise be processed under Part 727 regulations when a claimant cannot satisfy the ten-year coal mine employment requirement of section 727.203(a)....
 
 
 19
 We have explicitly declined, however, to extend our holding in Kyle to the regulations governing rebuttal of the interim presumption.
 
 
 20
 866 F.2d at 201 (emphasis in original).
 
 
 21
 In light of Youghiogheny, we reject petitioner's contention that his claim should have been considered under Sec. 410.490 and that invocation of the Sec. 727.203(b)(3) rebuttal provision was erroneous.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Petitioner earlier filed a claim for black lung benefits under Part B of the Black Lung Benefits Act (applicable to claims filed before December 31, 1973), and he apparently was awarded benefits. The present claim is one for medical benefits only under Sec. 11 of the Black Lung Benefits Reform Act of 1977, 30 U.S.C. Sec. 924a. Under this provision, the Secretary of HEW was required "to notify each miner receiving benefits under Part B of [the Black Lung Benefits] Act that he or she may file a claim for medical treatment benefits." 20 C.F.R. Sec. 725.701A. Section 725.701A(d) provides: "The criteria contained in ... Part 727 ... are applicable to claims for medical benefits filed under this section."
 
 
 [2]
 Petitioner argues that under Cooley v. Island Creek Coal Co., 845 F.2d 622 (6th Cir.1988), the ALJ erred in relying on the medical report of Dr. O'Neill because this report was based on an examination conducted prior to the positive x-ray which was the basis for invocation of the interim presumption under Sec. 727.203(a)(1). However, Dr. O'Neill's conclusion was consistent with later medical evidence, which was also relied upon by the ALJ. Therefore, because the ALJ considered the entire medical record, including the most recent medical evidence, it was not erroneous for the ALJ to rely on Dr. O'Neill's report