887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruth JONES (Widow of Eugene Jones), Petitioner,
v.
CONSOLIDATION COAL COMPANY, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Respondent.
 No. 88-3989.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ruth Jones (Ruth Jones), the surviving spouse of Eugene Jones (Eugene Jones or decedent), the applicant-petitioner, has initiated this court's review of the final decision of the Benefits Review Board (Board), which denied Jones's request for widow's disability benefits, pursuant to the Black Lung Benefits Act of 1972, 30 U.S.C. Sec. 901 et seq. (the Act), from Consolidation Coal Company (Consolidation Coal), the respondent and former employer of Eugene Jones.
 
 
 2
 The administrative record disclosed the following uncontroverted facts. On March 29, 1978, Eugene G. Jones filed a claim with the United States Department of Labor, requesting payment of coal miner's disability benefits from Consolidation Coal pursuant to the Act. On June 11, 1981, the Department of Labor issued a Notice of Initial Finding, in which it concluded that Eugene Jones was eligible for disability benefits. Consolidation Coal timely filed a notice of its intent to contest the initial determination of eligibility on June 12, 1981.
 
 
 3
 Eugene Jones died on November 30, 1984, and shortly thereafter, on December 13, 1984, the Department of Labor substituted the widow of the decedent as the applicant, and concluded that she was eligible for widow's disability benefits. Consolidation Coal filed a timely notice on December 21, 1984 of its intention to controvert this determination of eligibility, and the case was submitted to an Administrative Law Judge (ALJ) for de novo determination.
 
 
 4
 The ALJ conducted a hearing in Wheeling, West Virginia on September 23, 1985, and, after having considered the evidence presented by the parties, the ALJ issued his decision and order on October 6, 1986 concluding that the applicant, Jones, was not eligible to receive black lung disability benefits because Consolidation Coal had, pursuant to 20 C.F.R. Sec. 727.203(b)(3), rebutted decedent's eligibility for disability by proof "that the total disability or death of the miner did not arise in whole or in part out of coal mine employment," and 20 C.F.R. Sec. 727.203(b)(4), which permitted rebuttal where "[t]he evidence establishes that the miner does not, or did not, have pneumoconiosis." On August 30, 1988, the Board affirmed the ALJ's conclusion that Consolidation Coal had offered substantial evidence to rebut Jones's presumption of disability pursuant to both sections (b)(3) and (b)(4).
 
 
 5
 An appellate court, when reviewing a petition requesting review of the final decision of the Board, must "affirm the ALJ's factual determination[s] if ... supported by substantial evidence." Tennessee Consolidated Coal Co. v. Crisp, 866 F.2d 179, 184 (6th Cir.1989); see also Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 202 (6th Cir.1989); York v. Benefits Review Bd., 819 F.2d 134, 136 (6th Cir.1987). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.' " Milliken, 866 F.2d at 202 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); accord Crisp, 866 F.2d at 184.
 
 
 6
 An examination of the administrative record herein indicates that there was substantial evidence to support the ALJ's conclusion that Consolidation Coal had demonstrated, by the weight of the testimony and documentary evidence, that decedent's disability and death "did not arise in whole or in part out of coal mine employment."
 
 
 7
 This court has interpreted 20 C.F.R. [Sec.] 727.203(b)(3) to mean that if an opposing party is able to prove that pneumoconiosis was not a contributing cause to a miner's disability, then the interim presumption is rebutted.
 
 
 8
 Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 259 (6th Cir.1988) (quoting Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986)); see also Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985); see also Wright v. Island Creek Coal Co., 824 F.2d 505, 508 (6th Cir.1987). In the case at bar, Dr. George L. Zaldivar, after examining all of the decedent's medical records, including his medical histories, diagnostic examinations, and x-rays, concluded that, although the decedent had emphysema, his disability and death had been caused by a cardiac condition and not coal miner's pneumoconiosis. In addition, Dr. George Kress, another reviewing physician, diagnosed the proximate cause of the decedent's pulmonary conditions as directly related to his thirty year history of smoking cigarettes and cigars, and not to his coal mine exposure. In light of the medical testimony, there was substantial evidence of record to support the ALJ's determination that the presumption of disability, due in whole or part to coal miner's pneumoconiosis, had been rebutted by Consolidation Coal under section 727.203(b)(3).
 
 
 9
 Additionally, there was also substantial evidence to support the ALJ's alternative determination that Consolidation Coal had rebutted the presumption of disability, pursuant to section 727.203(b)(4), by demonstrating "that the miner does not, or did not, have pneumoconiosis." Three of the evaluating physicians, including Dr. Blatt who had personally examined Eugene Jones, concluded that he did not suffer from coal miners' pneumoconiosis before or at the time of his demise. In light of the medical opinions of record, there was substantial evidence to affirm the ALJ's alternative conclusion that Consolidation Coal had carried its burden of proving that Eugene Jones did not suffer from coal miners' pneumoconiosis. Accord Warman, 839 F.2d at 261-62; Orange v. Island Creek Coal Co., 786 F.2d 724 (6th Cir.1986).
 
 
 10
 The petitioner has also challenged the sufficiency of Consolidation Coal's evidence to rebut the presumption of total disability, under section 727.203(b), on the basis of the opinions of Drs. Zaldivar and Kress, neither of whom had ever examined the decedent, in light of the pronouncements of this court in Collins v. Secretary of Health & Human Serv., 734 F.2d 1177 (6th Cir.1984). In Collins, this court determined that "a finding of non-disability contained in the report of a physician who has not examined a patient is insufficient evidence to rebut the positive proof of disability." Collins, 734 F.2d at 1180. However, the petitioner ignores the fact that the ALJ in the instant case did not predict his decision solely upon the testimony of non-examining physicians, but also relied upon the medical opinion of two physicians, Dr. Michael Blatt and Dr. P.K. Souri, both of whom had examined Eugene Jones during his lifetime, and who had corroborated the conclusion that the decedent's disabling cardiac and pulmonary conditions were unrelated to coal miner's pneumoconiosis and to his employment in the coal mines. Consequently, the ALJ's determination is not in conflict with this court's disposition in Collins.
 
 
 11
 The petitioner has further argued that the ALJ's conclusion, that Consolidation Coal had offered sufficient evidence to rebut the presumption pursuant to section 727.203(b), was inappropriate under this court's pronouncement in Cooley v. Island Creek Coal Co., 845 F.2d 622, 623-24 (6th Cir.1988) (per curiam), in which this court concluded that rebuttal cannot be supported solely by "evidence consisting of medical opinions conducted at a time before the claimant had established conditions required to trigger the presumptions." Jones has argued that, because the presumption of disability in this case was invoked by ventilatory and blood tests results dating from 1983 and 1984, the ALJ erred in relying upon the prior 1981 medical opinions of Drs. Blatt and Souri as rebuttal evidence under section 727.203(b). The ALJ, however, did not rely exclusively upon the opinions of Drs. Blatt and Souri, but rather based his determination upon an examination of all medical evidence of record, including the 1985 opinions of Drs. Zaldivar and Kress, both of which corroborated the earlier expressed conclusions of Drs. Blatt and Souri that the disabling cardiac and pulmonary medical conditions suffered suffered by the decedent were unrelated to coalminer's pneumoconiosis. Accordingly, because the ALJ's finding that the rebuttal evidence under section 727.203(b) was supported by the medical opinions of Drs. Zaldivar and Kress that had been expressed subsequent to the clinical test which had triggered the presumption of disability, the ALJ's determination in the case at bar was consistent with the teachings of Cooley.
 
 
 12
 After having concluded that Consolidation Coal had successfully rebutted the presumption of disability, which Jones had invoked under section 727 of the Secretary's regulations, the ALJ rejected her alternative argument that she was entitled to widow's benefits under 20 C.F.R. Part 410, pursuant to Kyle v. Director, Office of Workers' Compensation Programs, 819 F.2d 139 (6th Cir.1987), cert denied, --- U.S. ----, 109 S.Ct. 566, 102 L.Ed.2d 591 (1988). However, in Milliken, decided subsequent to Kyle, this court indicated that the conclusions in Kyle, requiring the ALJ to apply the regulatory criteria of Part 410, was limited to cases wherein the claimant had been unable to invoke the regulatory presumptions provided under part 727, because the claimant had worked in coal mines less than the requisite ten year period of time, and that Kyle did not mandate an ALJ to reconsider an applicant's eligibility pursuant to Part 410 where the claimant had successfully invoked Part 727's presumption of disability, as was true in the case at bar. Milliken, 866 F.2d at 201-02; accord Grant v. Director, Office of Workers' Compensation Programs, 857 F.2d 1102, 1106 (6th Cir.1988); compare Warman v. Pittsburgh & Midway Coal Mining Co., 839 F.2d 257, 258 n. 1 (6th Cir.1988); Prater v. Hite Preparation Co., 829 F.2d 1363, 1366 n. 2 (6th Cir.1987). Existing precedent thus indicates that, because Ruth Jones had the benefit of the presumption of disability afforded under Part 727, she was not entitled to have her claim submitted for consideration under Part 410, after Consolidation Coal was able to successfully rebut her presumption. Consequently, the ALJ did not err in declining to examine her claim under the criteria of Part 410.
 
 
 13
 Accordingly, the Board's determination that Ruth Jones was ineligible to receive coalminer's disability benefits is AFFIRMED for the reasons stated in its decision and order of August 30, 1988.