980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William O. SAMMONS, Petitioner,
v.
EAS COAL COMPANY; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 92-3030.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 William O. Sammons, a former Kentucky coal miner, appeals through counsel the decision of the Benefits Review Board of the United States Department of Labor affirming a decision by an Administrative Law Judge denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 2
 Sammons last worked in coal mining in 1974 for the respondent employer. He applied for federal black lung benefits in 1975. His claim was initially allowed, and he received benefits from the Trust Fund, augmented for his dependent spouse and, for a time, for a dependent child. The named employer contested the award, however. The case was plagued by procedural delays, and was not scheduled for a hearing before an Administrative Law Judge (ALJ) until 1985. The ALJ examined the claim under the regulations found at 20 C.F.R. § 727.203. He found that the presumption of entitlement to benefits was invoked under §§ 727.203(a)(1) and (2), but rebutted under § 727.203(b)(2), because Sammons was capable of performing his usual coal mine work or comparable work. On appeal, the Benefits Review Board (BRB) remanded the case for further findings under § 727.203(b)(2), as the ALJ had not properly identified the exertional requirements of the miner's last job and compared them with the medical evidence. On remand, the ALJ again found rebuttal under the same section, and added that rebuttal under § 727.203(b)(3) also followed from that finding. The miner again appealed to the BRB, which affirmed the ALJ's decision. In this appeal, Sammons contends that the finding of rebuttal of entitlement to benefits is not supported by substantial evidence. The respondent employer argues that it is not the responsible operator liable for payment of any benefits.
 
 
 3
 Upon review, it is concluded that the finding of rebuttal of the presumption of entitlement to benefits is not supported by substantial evidence nor consistent with applicable law. See Orange v. Island Creek Coal Co., 786 F.2d 724, 725 (6th Cir.1986). The finding is not supported by substantial evidence because it is based solely on a doctor's report which did not discuss the physical requirements of the miner's former employment or opine that he was capable of performing those requirements. The failure to discuss the miner's physical capabilities as relevant to his former work is not the equivalent of placing no limitation on those capabilities. Moreover, the finding is not in compliance with applicable law. The date of hearing is the date upon which the miner's disability is to be assessed. Cooley v. Island Creek Coal Co., 845 F.2d 622, 623-24 (6th Cir.1988) (per curiam). In this case, the hearing was held in 1985. The doctor's report relied on was from ten years earlier. The respondent simply failed to present any evidence relevant to the miner's disability as of the date of the hearing.
 
 
 4
 It is also concluded that the respondent employer was correctly identified as the responsible operator in this case. The employer relies on Falcon Coal Company, Inc. v. Clemons, 873 F.2d 916, 923 (6th Cir.1989), in arguing that the miner's last employment was as a night watchman and thus not qualifying coal mine employment. However, the undisputed evidence also shows that the miner worked part of each shift as a fire boss, checking the mine for safety and repairing and replacing pipes and pumps. Such work is vital and essential to the production and extraction of coal, as it keeps the mine operational, safe, and in repair. Id., at 922-23. Because the regulations define a "working day" as any day or part of a day for which a miner received pay for work as a miner, see 20 C.F.R. § 725.493(b), it is improper to subtract the part of each shift during which the miner functioned as night watchman in calculating his coal mine employment. See Griffith v. Director, OWCP, 868 F.2d 847, 849 (6th Cir.1989). Although the responsible operator issue was not addressed below, the lack of any factual dispute regarding this issue renders a remand for further findings unnecessary.
 
 
 5
 Accordingly, the decision below denying benefits is reversed and the case is remanded for an award of benefits to be paid by the named employer. Rule 9(b)(3), Rules of the Sixth Circuit.